LAUREN LOUIS, UNITED STATES MAGISTRATE JUDGE
*1292 THIS CAUSE comes before the Court upon Plaintiff's Motion for Sanctions and Incorporated Memorandum of Law (ECF No. 19). This matter was referred to the undersigned United States Magistrate Judge by the Honorable James Lawrence King, United States District Judge (ECF No. 20). A hearing was held on the subject Motion on April 2, 2019, following which additional briefing was requested to specifically identify and address the prejudice to Plaintiff suffered as a result of Defendant's violation of Rule 30 of the Federal Rules of Civil Procedure. Upon consideration of the Motion, Defendant's Response, arguments at the hearing, and supplemental briefing, the Motion is granted, in part.
A. Factual Background
In this negligence action, Plaintiff alleges that she was injured on Defendant's cruise ship when she slipped in water pooled in or around an elevator that she had ridden in, causing her serious knee and leg injuries. On February 19, 2019, the Court entered a Scheduling Order, setting the discovery deadline to expire on October 2, 2019, and trial to commence on February 10, 2020 (ECF No. 18).
The present discovery dispute arises from Plaintiff's attempt to depose Defendant pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's counsel noticed the deposition and provided a list of topics for examination. Plaintiff's Second Notice of Taking Deposition duces tecum categorized the topics into sections titled "Incident/Investigation," "Policies and Procedures," and "Miscellaneous." The "Miscellaneous" section included topics regarding out of service elevators on the subject voyage, repairs connected to an identified pipe burst near the scene of the accident, and service and maintenance reports on the subject voyage and for a year prior to the accident.
Defendant designated Monica Petisco as its corporate representative, and the Parties coordinated her deposition to take place on December 13, 2018. At no time prior to the deposition, did Defendant serve objections to any noticed topic. On the morning of Ms. Petisco's deposition, Defendant's counsel, Michael Magee, advised Plaintiff that he intended to raise objections, and that Ms. Petisco would not be designated on every noticed topic.
MR. GERSON: Okay. Now before we get started, I have a copy of the notice and counsel for Carnival, Mr. Magee, has indicated that you are not here to testify as to certain topics...And just for the record this was initially - this notice was initially sent back on May the 8, [2018]. And there had been no objections raised until today. So this is news to me.
See Petisco Dep. (ECF No. 19-5, at 5:6-9, 6:9-11). Specifically, Defendant's counsel raised objections to several of the topics provided in the Notice, including the Incident/Investigation and Policies and Procedure topics. (id. at 8:2-8). He further informed Plaintiff's counsel that Ms. Petisco was not designated to testify as to any of the topics in the "Miscellaneous" section of the Notice but that she would be able to *1293 testify regarding Plaintiff's accident investigation (ECF No. 19-5 at 11:10-23), and that Defendant intended to produce a second unidentified corporate representative to testify those topics (ECF No. 19-5 at 12:7-25).
Despite Ms. Petisco's purported designation to speak on the subject of the accident investigation, she was unable to provide factual information beyond that which had already been discovered to Plaintiff. She had not, for example, reviewed Defendant's incident report of the incident, which had been withheld from production on grounds of privilege (ECF No. 19-5 at 17:14-15). Similarly, Ms. Petisco was ostensibly presented to testify on the noticed topic of prior accidents that had occurred, and which were disclosed to Plaintiff through the course of discovery, but she had no additional information to offer because she had not reviewed the incident reports created by Defendant in regard to those incidents (ECF No. 19-5 at 104:2-18). The incidents were apparently available to her during her deposition, but defense counsel refused to allow her to review the reports absent agreement that permitting her to testify about what she learned from the reports did not constitute a waiver of privilege over the reports (id .).
The Parties attempted a second corporate representative deposition in February 2019. On February 7, 2019, Defendant presented Joshua Manloloyo, the chief plumber at the time of Plaintiff's fall, as its corporate representative to testify regarding prior pipe bursts and the repairs of same. Defendant designated a third witness to testify regarding elevator maintenance on the subject vessel. During Mr. Manloloyo's deposition, which was conducted in Tampa, it became apparent that he was not prepared to testify about all prior pipe bursts Defendant had disclosed, but rather was limited to his personal knowledge and experience as chief plumber on the vessel during a limited time. See Manloloyo Dep. (ECF No. 19-6 at 84:15-25, 85:1-22).
Two hours into Mr. Manloloyo's deposition, Defendant's counsel notified Plaintiff's counsel that the witnesses had to return to a ship and that the deposition would need to end (id. at 90:8-13). Plaintiff's counsel objected to the termination of the deposition and stated that he had not been able to depose the second witness designated to speak on the subject of elevator maintenance. Over Plaintiff's counsel's objections, Defendant's counsel terminated the deposition at 1:30 PM and left with the two witnesses. The Parties have not since attempted to schedule any additional Rule 30(b)(6) deposition.
Plaintiff filed the subject Motion, seeking sanctions pursuant to Federal Rule of Civil Procedure 37 against Defendant in the form of entry of a default judgment or alternatively for a determination that the element of notice of a hazardous condition is established. The Court held a hearing on Plaintiff's Motion on April 2, 2019. The Court ordered Plaintiff to file a supplemental brief describing the prejudice Plaintiff suffered as a result of Defendant's failure to present a prepared witness at either the noticed or continued deposition (ECF No. 28). Plaintiff filed her supplemental memorandum (ECF No. 29), to which Defendant responded (ECF No. 31).
B. Discovery Violations Under Rule 30
Rule 30(b)(6) of the Federal Rules of Civil Procedure governs depositions of corporations. Rule 30(b)(6) provides that the deposition notice "must describe with reasonable particularly the matters for examination." Fed. R. Civ. P. 30(b)(6). The organization must designate one or more persons to testify on its behalf *1294 as to the matters identified in the deposition notice. Id. The organization has a "duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." Continental Cas. Co. v. First Financial Employee Leasing, Inc. , 716 F.Supp.2d 1176, 1189 (M.D. Fla. 2010) (quoting Brazos River Auth. v. G.E. Ionics, Inc. , 469 F.3d 416, 433 (5th Cir. 2006) ). The organization "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Id. Moreover, a corporation does not satisfy its obligations under Rule 30(b)(6) by simply producing an unprepared designee. If the designated deponent is unable to answer questions regarding the subject matter as to which she was selected to testify about, the corporation has failed to satisfy the requirements of Rule 30(b)(6) and is subject to sanctions. King v. Pratt & Whitney, a Div. of United Techs. Corp. , 161 F.R.D. 475, 476 (S.D. Fla. 1995) ; Resolution Trust Corp. v. Southern Union Co., Inc. , 985 F.2d 196, 198 (5th Cir. 1993) (noting that the failure to properly designate a Rule 30(b)(6) witness can be considered a nonappearance justifying the imposition of sanctions).
The Court finds that Defendant's appearance at the two attempted depositions violated Rule 30(b)(6). On the first noticed date, defense counsel advised Plaintiff's counsel on the morning of the deposition that the sole witness presented was not designated to testify on some topics, including topics related to Defendant's actual or constructive notice of the condition Plaintiff alleges led to her injuries: an identified pipe burst during the subject voyage; previous water pipe leaks and complaints of pipe bursts on the vessel on which Plaintiff was injured for one year prior Plaintiff's fall; and regarding prior elevator repairs (ECF No. 19-5, pg. 5).
MR. GERSON: So section 3 is miscellaneous and so we're clear here on the record, there are five sections of No. 3 and that's all information and explanation related to elevators that were either inoperable, out of service, or not working during the subject voyage. You're not here to testify about that?
MS. PETISCO: Correct.
MR. GERSON: And all information related to the lido pipe break and the shift report dated January 22, 2018, including all maintenance repairs and all areas of the vessel and damage caused an explanation as to the cause and an explanation as to the cause and efforts undertaken to repair or replace the pipes?
MS. PETISCO: That's correct.
(ECF No. 19-5 at 11:10-23). There can be no dispute that Defendant failed to appear on the noticed date with respect to these topics on which Ms. Petisco was not designated. While corporations are permitted to appear through multiple witnesses, Rule 30(b)(6) does not permit a corporate defendant to unilaterally continue a properly noticed deposition by failing to bring all designated witnesses on the date noticed. A corporate defendant is not required to bring the person most knowledgeable, and the defendant is not excused from appearing as noticed in order to secure attendance of the best witness.[1] See *1295 QBE Ins. Corp. v. Jorda Enter., Inc. , 277 F.R.D. 676, 688 (S.D. Fla. 2012).
Moreover, Defendant's corporate representative was unprepared to testify on the topics she had been designated to discuss. For example, Ms. Petisco admitted that she had not reviewed any documents beyond those that had already been produced to Plaintiff through discovery. She did not review Defendant's claim file, including the adjuster's report (ECF No. 19-5 at 17:14-15). Additionally, despite having access to the prior accident reports, Ms. Petisco was unable to testify on the subject because Defendant would not permit her to do so unless Plaintiff agreed that Defendant's privilege claim as to the reports would not be waived.
MR. GERSON: Okay. And can you tell me what the circumstances were concerning the date of this incident? The April 11, 2017 incident?
MS. PETISCO: This is all the information that I have without referring to an incident report.
MR. GERSON: Okay. Do you have the incident report with you?
MS. PETISCO: We have them with us, but I'm not sure there's been an agreement that I can refer to them.
MR. MAGEE: There is none.
MR. GERSON: Well, just as your attorney has provided you with some information from the accident report in this case, certainly you could have done the same thing with respect to these prior incidents.
MR. MAGEE: No, no. That's not accurate. I can't have her reviewing privileged materials. And they're here and she could look at them and give you objective information from those reports, with an agreement that there's no waiver. But with no agreement, she can't look at them.
(ECF No. 19-5 at 104:2-18). Defendant's instruction to the witness appears to be based on an assertion of work product protection; if so, it is misplaced. While an accident report prepared in anticipation of litigation may be protected from production as work product, the assertion of privilege does not protect the corporate representatives from withholding the facts therein. See Fed. R. Civ. P. 26(b)(3), Advisory Comm. Note (1970) ("No change is made in the existing doctrine ... that one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable."); Stern v. O'Quinn , 253 F.R.D. 663, 687 (S.D. Fla. 2008) ("If a document constitutes work product, the party possessing the document generally need not produce it - even if the document contains only factual information. However, because the work product privilege does not protect the facts in that document (the privilege protects documents, not facts), the party seeking those facts may obtain them through other means of discovery, such as through depositions and interrogatories.") (citing ECDC Envtl. LC v. New York Marine & Gen. Ins. Co. , 1998 WL 614478 (S.D.N.Y. June 4, 1998) ).
Defendant's failure to present a witness prepared to testify about the topics on which she was designated was, under the circumstances, tantamount to a failure to appear at all. See QBE Ins. Corp. , 277 F.R.D. at 690 (citing *1296 Black Horse Lane Assoc., L.P. v. Dow Chem. Corp. , 228 F.3d 275, 305 (3d Cir. 2000) (noting that a 30(b)(6) witness who is unable to give useful information is "no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it.").
Defendant defends its witness preparation and her ability to answer relevant questions and contends that any failures in the witness' ability to testify knowledgeably flowed from Plaintiff's "overbroad, excessive and vexatious" notice of topics. Assuming without now deciding that the topics noticed by Plaintiff were objectionable, Defendant's failure to prepare its corporate representative is not excused. "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Defendant did not seek a protective order.
Nor did Defendant meaningfully object to the scope of the requests before the deposition. At the outset of the deposition, Plaintiff's counsel memorialized Defendant's advisement of objections:
MR. GERSON: Okay. So you're raising for the first time today that the defendant objects to questions related to accident investigation, policies and procedures, utilized by defendant for passenger accidents and injuries that were in effect on the date of the accident?
MR. MAGEE: Yes, unfortunately, it is today.
(ECF No. 19-5 at 8:2-8). Defendant's attempt to raise objections for the first time in the deposition was untimely and insufficient to give Plaintiff notice of those objections. Where a corporation objects to the designation, it must give advance notice to the requesting party of those objections, so that the requesting party has the opportunity to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers, if necessary, following the deposition. Direct Gen. Ins. Co. v. Indian Harbor Ins. Co. , No. 14-20050-CIV, 2015 WL 12745536, at *1 (S.D. Fla. Jan. 29, 2015). Defendant represents that its usual course is to raise objections in writing, prior to the deposition; whether or not Defendant has provided meaningful notice of its objections in the past, it did not do so here.
The Court is further not persuaded that in this case, Defendant's failure to prepare a witness on relevant matters may be attributed to the inability to determine what information Plaintiff actually sought to discover. It bears noting that Plaintiff had propounded requests for the production of documents relating to leaks and pipe bursts prior to Plaintiff's incident, and that Defendant objected to the relevance of the documents. Plaintiff moved to compel, and the Court granted the motion, in part, and ordered Defendant to produce documents sufficient to identify what prior incidents had occurred on the subject vessel. See Order on Plaintiff's Motion to Compel (ECF No. 15). Though the order compelling production limited the scope of documents to those sufficient to identify whether any such incidents had in fact occurred, the relevance of those prior incidents was determined by the Court in Plaintiff's favor. Thus, in addition to Plaintiff's Notice of topics on which she intended to inquire, Defendant had the benefit of a fully litigated motion to compel to apprise it of what information Plaintiff sought with respect to the prior leaks and pipe bursts, and a Court order substantiating Plaintiff's position that the information was relevant for purposes of discoverability under Rule 26. Fed. R. Civ. P. 26.
Defendant also argues that any shortcoming at the first deposition was remedied *1297 by the Parties' agreement to continue the deposition on a second date. Defendant's characterization of the Parties' "agreement" to continue the deposition assumes incorrectly that Plaintiff had a viable choice. Even if Plaintiff had agreed to conduct the deposition on two separate dates to accommodate Defendant's election to present multiple witnesses (and to not bring both on the noticed date), the transcript of Ms. Petisco's deposition reflects that continuation was also necessitated by a lack of preparedness even on the topics for which Defendant designated Ms. Petisco. At the conclusion of the deposition on that date, Plaintiff memorialized his intention to re-depose her "once we get copies of the records" identified throughout the deposition by the witness. (ECF No. 19-5 at 127:8-20).
And finally, Defendant's appearance at the continued deposition also failed to satisfy its duty to present a prepared witness. The corporate representative was again unprepared to testify regarding the majority of the prior pipe leak incidents discovered during discovery. Mr. Maloloyo confirmed that he had not undertaken to prepare to testify about any event beyond his personal knowledge, for example, by reviewing incident reports for the prior leaks and pipe bursts that were identified by Defendant in discovery. (ECF No. 19-6 at 84-88).
When it became clear that Mr. Manloloyo was unprepared to testify as to prior pipe leaks, defense counsel again offered to present another witness: "assuming there is a necessity, assuming that there is time...I'll find someone who can talk about them, but if he's not the person, and that's what he told us, he can't." (ECF No. 102:2-10). Two hours into Mr. Manloloyo's deposition - which did not yield information on the topics the witness was designated to testify about - Defendant's counsel prematurely terminated the deposition before Plaintiff had the opportunity to complete the deposition of Mr. Manloloyo or even begin the deposition of the second witness purportedly prepared to testify about elevator maintenance on the subject vessel. Though defense counsel did notify Plaintiff's counsel in advance that the witnesses would have to depart at a set time to get back to the ship, Defendant's unilateral termination of the deposition was again without agreement of opposing counsel or with leave of the Court pursuant to a protective order. It is no excuse that the witnesses, selected (but not prepared) by Defendant, had to return to the ship.
C. Sanctions Under Rule 37
In her Motion, Plaintiff seeks an order striking Defendant's pleadings and entering a default, or alternatively, a determination that notice of a hazardous condition has been established.
Rule 37 of the Federal Rules of Civil Procedure authorizes sanctions if a Rule 30(b)(6) designee fails to appear for their properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The Rule has also been interpreted to permit sanctions against a corporation who produces an unprepared Rule 30(b)(6) witness. See QBE Ins. Corp , 277 F.R.D. at 690 ("The failure to properly designate a Rule 30(b)(6) witness can be deemed a nonappearance justifying the imposition of sanctions."). Rule 37 authorizes a litany of sanctions for a party's failure to comply with its Rule 30(b)(6) obligations, including the preclusion of testimony, striking of pleadings, and entry of a default. Fed. R. Civ. P. 37(d)(3) ; QBE Ins. Corp. , 277 F.R.D. at 690. In addition, Rule 37 authorizes imposition of attorney's fees and costs incurred as a result of the party's violation. In order to impose the extreme sanction of a default judgment under Rule 37(b), the *1298 court must find that the violation was the result of willful or bad faith conduct, that the moving party was prejudiced by the disobedient party's failure, and that a lesser sanction would fail to punish the violation adequately or ensure compliance with future court orders. Siegmund v. Xuelian Bian , No. 16-62506-CIV, 2019 WL 473739, at *2 (S.D. Fla. Feb. 6, 2019) (citing Inmuno Vital, Inc. v. Telemundo Grp., Inc. , 203 F.R.D. 561, 571 (S.D. Fla. 2001) ).
A finding of prejudice is an important component of a decision to sanction a party with dismissal or default. Tarino v. Los Delfines Inc. , No. 14-22871-CIV, 2015 WL 3761903, at *4 (S.D. Fla. June 11, 2015). Plaintiff contends that she has been prejudiced by having to essentially "start over" with discovery depositions, and that she has been denied the ability to learn what facts and evidence Defendant intends to rely on in its denial of liability and assertion of affirmative defenses. This prejudice is borne out in the deposition transcript.
Specifically, Plaintiff questioned Defendant's corporate representative directly about its basis for asserting comparative negligence as its first affirmative defense. Ms. Petisco was unable to identify what bases Defendant had to support its interrogatory answer that Plaintiff was responsible for her injuries.
MR. GERSON: Turning to topics that you are here to testify about, is Carnival aware of any facts to suggest that Mrs. Kartagener is to blame for what happened?
MS. PETISCO: Not at this time.
(ECF No. 19-5 at 75:16-20). Similarly, Plaintiff attempted to discover through the continued deposition whether Defendant had notice of pipe leaks before Plaintiff's fall or the bases on which Defendant will rely on to deny that it had notice. Though Mr. Manloloyo was designated to testify as to all information related to pipe leaks on the subject vessel for one year before Plaintiff's fall (ECF No. 19-6, pg. 10), he was incapable of testifying beyond his own personal knowledge, derived from his five weeks of experience preceding Plaintiff's accident.
MR. GERSON: Okay. Now, prior to January 13, 2018, it's my understanding that there was also flooding on November 15, 2017; there was a main galley pipe burst?
MR. MANLOLOYO: Actually, I saw that report but I'm not on board yet this time.
MR. GERSON: I understand that but as part of your - you've been designated, sir, to testify as to all Lido water pipe bursts that have been identified in discover in this case. Do you not - are you not familiar with the November 15th, 2017, incident?
...
MR. MANLOLOYO: Because I'm not there so I don't know how much. I cannot answer.
MR. GERSON: So as you sit here - as you sit here today, you don't have any information to testify on behalf of Carnival about the November 15, 2017, incident?
MR. MANLOLOYO: No.
MR. GERSON: And you haven't been asked to prepare or you haven't reviewed any information with respect to the November 15th, 2017, incident?
MR. MANLOLOYO: No.
(ECF No. 19-6 at 84:15-25, 85:1-22). Mr. Manloloyo further testified that he had not reviewed work orders corresponding to known incidents of pipe leaks (id. at 17:19-25, 18:1-12). Plaintiff argues that she once again left a properly noticed corporate representative deposition without information *1299 on the noticed topics - specifically, information as to the element of notice of a hazardous condition related to pipe leaks and/or elevator maintenance. Plaintiff avers that these egregious discovery violations justify an entry of default; alternatively, Plaintiff seeks a finding that Defendant's failure or refusal to enable her to discover facts related to Defendant's notice of the condition should result in an order finding the element of notice met.
The Court agrees that sanctions here are warranted. First, for its failure to present a witness prepared on the noticed topics, Defendant will be precluded from taking a position at trial-including the introduction of testimony and exhibits-on the topics listed in this Order as those on which neither Ms. Petisco nor Mr. Manloloyo provided testimony on. This is a consequence of the testimony as much as it is a sanction. Defendant is bound by the testimony of its corporate representative, which naturally includes the absence of information that witness could provide in response to Plaintiff's questions. It would be fundamentally unfair, if Defendant were permitted to surprise Plaintiff at trial with facts or evidence it previously failed to disclose. See QBE Ins. Corp. , 277 F.R.D. at 698. For example, Defendant may not advance evidence to contradict the fact that at the time of Plaintiff's fall, the elevator floor was wet;[2] or to show that a spill had occurred to cause the slip (by a passenger or otherwise);[3] or that Plaintiff was responsible for her own injuries.[4]
The second sanctions award is a natural consequence of the first. It is evident from the record that Defendant's witnesses repeatedly denied knowledge regarding prior accidents, pipe leaks, elevator service in their depositions, and because Defendant cannot advance evidence contradicting the general assertion of the witness's lack of knowledge, the element of notice of a hazardous condition is established. Defendant's discovery violations relate to the issue of whether Defendant had knowledge of the alleged dangerous condition before Plaintiff's fall. See Villeta v. Carnival Corp. , No. 13-24369 (ECF No. 115), 2014 WL 10250972 (S.D. Fla. Nov. 5, 2014). Plaintiff has exhausted her requirement to investigate grounds Defendant may have for denying it had notice of the condition that led to her fall. An order is thus warranted holding that the element of notice has been established.[5] The Court finds that this sanction is proper as it does not amount to an entry of a default *1300 and advances the underlying policies of Rule 37. Id. (determining that a sanction establishing the element of notice was not tantamount to a default judgment as plaintiff still had to prove the remaining elements of negligence).
The undersigned will not however recommend an entry of default judgment. Where lesser sanctions may be used to cure the prejudice and deter future violations, the Court need not impose the most severe of sanctions. Adana Investing, Inc. v. Wells Fargo Bank, N.A. , No. 16-CV-21562, 2017 WL 3668553, at *8 (S.D. Fla. Apr. 10, 2017) (striking defendant's affirmative defenses after multiple discovery violations including failure to disclose witnesses, failure to produce corporate representative, withholding of documents, and attempting to depose witnesses outside the discovery deadlines).
Attorneys' fees may also be warranted. Rule 37(d) requires the Court to order "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). To aid the Court's determination of whether to require Defendant to pay Plaintiff's expenses, additionally briefing will be permitted, following an opportunity for conferral.
D. Conclusion
For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Sanctions is GRANTED, in part.
Plaintiff shall serve upon Defendant's counsel documentation in support of her fees and costs reasonably incurred in the prosecution of this Motion. After meaningful conferral with Defendant's counsel regarding any objections to the fees and costs, Plaintiff may file an application and documentation in support of her fees demand. Any such application must notify the Court of any agreement reached with Defendant with respect to the fee award sought and must be filed by no later than May 24, 2019. Defendant shall respond with objections, if any, to Plaintiff's fees and costs application by May 31, 2019.
DONE and ORDERED in Chambers at Miami, Florida this 17th day of May, 2019.

Defendant added insult to injury by presenting witnesses who were outside of the District. It is well established that the deposition of a corporation should ordinarily be taken at its principal place of business. See Ecometry Corp. v. Profit Center Software, Inc. , No. 06-80083-CIV, 2006 WL 8435443, at *2 (S.D. Fla. Nov. 9, 2006). Defendant's principal place of business is located in Miami-Dade County. Second, generally, the party noticing the deposition that usually has the right to choose the location of a corporate representative deposition. See Cavalieri v. Avior Airlines C.A. , No. 17-CV-22010, 2018 WL 4193690, at *1 (S.D. Fla. Apr. 25, 2018). Again, Defendant was not constrained to present these two individuals, who were located out of the District, and had only hours to spare.

(ECF No. 19-5 at 25:20-26:4).

(ECF No. 19-5 at 77:14-18; 80:12-81:21). After the witness had testified that Defendant had no information to support a hypothesis that there had been a spill, defense counsel objected and asserted that the witness could not answer the question because it related to the "investigation" performed by Defendant. The testimony was clearly within her designation on the topic of Defendant's answers to interrogatories, and her responses are binding on Defendant.

(ECF No. 19-5 at 75:16-20).

The undersigned has authority to enter an order, as opposed to a report and recommendation, denying or granting the subject Motion. See In Matter of Complaint of Boston Boat III, LLC , 310 F.R.D. 510, 512, n.1 (S.D. Fla. 2015). Federal Rule of Civil Procedure 72(a) permits magistrate judges to issue orders on any type of non-dispositive pretrial matter. In the Eleventh Circuit, magistrate judges often enter orders when parties seek sanctions, including default judgments or dismissals. Id. (citing Calixto v. Watson Bowman Acme Corp. , No. 07-60077-CIV, 2009 WL 3823390 (S.D. Fla. Nov. 16, 2009) ). Accordingly, the mere fact that Plaintiff requested the severe sanction of default judgment does not preclude the undersigned from entering an order imposing a lesser, non-dispositive relief.