THIS ORDER IS
A PRECEDENT OF
THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

June 12, 2020

Cancellation No. 92064181

*Andrew R. Flanders*

*v.*

*DiMarzio, Inc.*

**Jill M. McCormack, Interlocutory Attorney:**

This case comes before the Board for consideration of Respondent's motion, filed July 30, 2019, for a protective order requiring Petitioner to depose Respondent's corporate designee under Federal Rule of Civil Procedure 30(b)(6) in Bozeman, Montana.[1] The motion is fully briefed.[2]

## I.    Background

Respondent, a New York corporation with a principal place of business in New York City, owns a registration on the Principal Register for the mark below for

---

[1] The Board notes that disruptions from the current COVID-19 pandemic have arisen during the pendency of this motion; while the Board does not consider that circumstance under the factual and legal analysis pertinent to the motion, it is addressed below.

[2] On July 29, 2019, Respondent inadvertently filed its motion as Petitioner. Respondent immediately contacted the Board and refiled its motion the next day. Thus, the submission located at 40 TTABVUE will be given no further consideration in this proceeding.

"electronic sound pickup for guitars" in International Class 15[3]:



Petitioner seeks cancellation of the registration on the ground that the mark is functional pursuant to Trademark Act Section 2(e)(5), 15 U.S.C. § 1052(e)(5).

Since at least November 2018, the parties have been negotiating over Petitioner's intended deposition of Respondent pursuant to Federal Rule of Civil Procedure 30(b)(6).[4] On May 30, 2019, Petitioner served a notice pursuant to Rule 30(b)(6) to depose Respondent on June 25, 2019, at the office of Petitioner's counsel in New York City because that is the location of Respondent's principal place of business and it is more convenient for both parties' counsel.[5] On that same day, Respondent objected to that location and stated that the deposition needed to take place in Bozeman, Montana, because that is where Respondent's corporate designee, Mr. Larry DiMarzio, lives and works.[6] On July 11, 2019, counsel for the parties conferenced with the assigned interlocutory attorney to try to resolve the dispute. Although the Board encouraged the parties to find a compromise that would avoid discovery motion practice, the parties were unable to reach an agreement.

---

[3] Registration No. 1169205, issued September 15, 1981. The registration includes a description of the mark as "the double design representation of an electronic sound pickup for guitars, which is disclaimed apart from the mark as shown."

[4] The Federal Rules of Civil Procedure are made applicable to inter partes proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a). *See* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 101.02 (2019).

[5] 41 TTABVUE 13–19.

[6] *Id.* at 23. Mr. DiMarzio is also Respondent's founder and owner.

Respondent moves for "a protective order quashing the location of the Notice of Deposition and order[ing] that Mr. DiMarzio cannot be forced to be deposed in any location other than" Bozeman, Montana.[7] Respondent contends that "[t]here is no rule or case law from the Board requiring a 30(b)(6) witness be deposed in a jurisdiction in which the witness does not live, nor is regularly employed."[8] Respondent argues that Mr. DiMarzio is a natural person and "[t]he deposition of a natural person shall be taken in the Federal judicial district where the person resides or is regularly employed." Trademark Rule 2.120(b), 37 C.F.R. 2.120(b); *see also* TBMP § 404.03(a).

In support of its motion, Respondent relies on a declaration from Mr. DiMarzio, stating that he has lived in Bozeman, Montana, for over two decades; that he is regularly employed at Respondent's office in Bozeman; and that from his office in Bozeman, he "perform[s] [Respondent's] advertising and marketing efforts, generate[s] website data, produce[s] photographs for [Respondent's] website and social media pages, design[s] products . . . and oversee[s] [Respondent's] general operation."[9] Thus, according to Respondent, the Board should issue an order to protect Mr. DiMarzio from the "annoyance and oppressive demands" and "undue burden and expense" of being deposed in New York City.[10]

---

[7] *Id.* at 2.

[8] *Id.* at 4.

[9] *Id.* at 8, ¶ 7.

[10] *Id.* at 5.

In response, Petitioner argues that the deposition is not of a "natural person," but a corporate designee under Rule 30(b)(6), which should take place at the company's principal place of business. Furthermore, Petitioner contends that "New York is the only convenient location for all parties involved. [Respondent] is registered in New York and its principal place of business is in New York. Counsel for [Respondent] is located in New York. Counsel for Petitioner has an office in New York where the Deposition is to be held."[11] Petitioner further contends, and Respondent does not dispute, that in November 2018, Mr. DiMarzio insisted that the deposition take place in New York City, and that between February and March 2019, Respondent's counsel repeatedly agreed to provide dates for the deposition in New York City but did not do so.[12] In addition, Petitioner challenges Mr. DiMarzio's declaration and claims that "Respondent does not have a business location in Montana."[13]

## II. Motion For Protective Order

### a. Good Faith Attempt to Confer

Fed. R. Civ. P. 26(c)(1) requires that a party that moves for a protective order include a certificate that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action. *See also Phillies v. Phila. Consol. Holding Corp.*, 107 USPQ2d 2149, 2151 (TTAB 2013); TBMP § 412.06. Here, there is no dispute that the parties made a good

---

[11] 42 TTABVUE 5.

[12] *Id.* at 3.

[13] *Id.* at 5.

faith attempt to resolve the dispute prior to Respondent filing the motion for protective relief.[14]

## b. Applicable Legal Principles

Trademark Rule 2.120(g) states:

> Upon motion by a party . . . from whom discovery is sought, and for good cause, the Trademark Trial and Appeal Board may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the types of orders provided by clauses (A) through (H), inclusive, of Rule 26(c)(1) of the Federal Rules of Civil Procedure. If the motion for a protective order is denied in whole or in part, the Board may, on such conditions . . . as are just, order that any party comply with disclosure obligations or provide or permit discovery.

37 C.F.R. § 2.120(g); *see also* TBMP § 412.06. Rule 26(c)(1) empowers the Board to "specify[ ] terms, including time and place, for the disclosure or discovery" at issue upon a showing of good cause. Fed. R. Civ. P. 26(c)(1)(B). "To establish good cause, a movant must provide 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Phillies*, 107 USPQ2d at 2152–53 (quoting *FMR Corp. v. Alliant Partners*, 51 USPQ2d 1759, 1761 (TTAB 1999)).

As noted above, Trademark Rule 2.120(b) provides that "the deposition of a natural person shall be taken in the Federal judicial district where the person resides or is regularly employed or at any place on which the parties agree in writing." *See also Jain v. Ramparts Inc.*, 49 USPQ2d 1429, 1431 (TTAB 1998) ("Trademark Rule 2.120(b) expressly provides that, unless the parties stipulate otherwise, a discovery deposition shall be taken in the judicial district where the deponent resides or is

---

[14] 41 TTABVUE 21–30.

regularly employed."). Trademark Act Section 45 distinguishes between a "natural person" and a "juristic person" as follows:

> The term 'person' and any other word or term used to designate the applicant or other entitled to a benefit or privilege or rendered liable under the provisions of this Act includes a juristic person as well as a natural person. The term 'juristic person' includes a firm, corporation, union, association, or other organization capable of suing and being sued in a court of law.

15 U.S.C. § 1127. The Trademark Rules of Practice do not expressly state the location in which a juristic person must be deposed under Rule 30(b)(6).

Where the Trademark Rules and the Federal Rules are silent as to procedural issues, the Board looks to precedential decisions issued by the Board and decisions by the Board's primary reviewing court. In addition, the Board may consider decisions from courts interpreting the Federal Rules of Civil Procedure, which may be adopted in whole or in part, depending on whether they comport with the Board's limited jurisdiction as an administrative tribunal. *See Multisorb Tech., Inc. v. Pactiv Corp.*, 109 USPQ2d 1170, 1171 (TTAB 2013) ("[T]o enhance predictability and consistency, the Board also generally follows settled federal practice when deciding cases raising procedural issues that fall within the interstices between the provisions in the Federal Rules, the CFR, and the Trademark Board Manual of Procedure"); *cf. Yamaha Int'l Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 6 USPQ2d 1001, 1004 (Fed. Cir. 1988) ("The PTO rules governing the procedure in inter partes proceedings such as oppositions are adapted from the Federal Rules, with modifications appropriate to the administrative process."). The location of a Rule 30(b)(6) deposition where the

corporate designee resides in a state different from that in which the corporation has a principal place of business appears to be an issue of first impression for the Board.

Generally, "[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. This customary treatment is subject to modification, however, when justice requires." 8A C. Wright & A. Miller, FED. PRAC. & PROC. CIV. § 2112 (3d ed. 2020); *see, e.g., Kartagener v. Carnival Corp.*, 380 F.Supp.3d 1290, 1295, n.1 (S.D. Fla. 2019) ("It is well established that the deposition of a corporation should ordinarily be taken at its principal place of business."); *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 22 (D.D.C. 2013) ("[T]here is a general presumption that the deposition [of a corporate agent] will occur at the corporation's principal place of business. However, this presumption is rebuttable") (internal citation omitted); *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 368 (N.D. Tex. 2013) ("The deposition of a corporation through its agents or officers is normally taken at the corporation's principal place of business."). Nevertheless, courts generally have "broad discretion to determine the appropriate place for a Rule 30(b)(6) deposition." *Martin*, 292 F.R.D. at 368; *see also Pioneer Kabushiki Kaisha v. Hitachi High Techs. Am., Inc.*, 74 USPQ2d 1672, 1675 (TTAB 2005) ("Rule 26(c) emphasizes the complete control that the court has over the discovery process.") (internal citation omitted); *cf. Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 103 USPQ2d 1435, 1438 (Fed. Cir. 2012) ("While the Board has followed the federal rules with regard to discovery matters in most respects, it has not adopted those rules in toto, and it has

retained discretion to adopt discovery rulings suited to matters before it in order to balance the parties' interests.").

"Accordingly, '[c]orporate defendants are frequently deposed in places other than the location of the principal place of business . . . for the convenience of all parties and in the general interests of judicial economy.'" *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) (quoting *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985)). To determine whether good cause justifies a departure from the general rule, courts will typically look to a non-exhaustive list of factors, including the location of counsel, the burden of travel (including expense), the size of the party to be deposed and regularity of executive travel, the number of corporate representatives designated to testify, and the equities with regard to the nature of the claim and the relationship of the parties. *See, e.g.*, *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014); *Paleteria La Michoacana, Inc.*, 292 F.R.D. at 22; *Martin*, 292 F.R.D. at 368; *Cadent Ltd.*, 232 F.R.D. at 629; *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 54 (E.D. Va. 2010). The Board finds that these factors are appropriate to consider when determining whether good cause exists to enter a protective order under Trademark Rule 2.120(g) regarding the discovery deposition of a corporate designee under Rule 30(b)(6).

### c. Analysis

As an initial matter, to the extent that Respondent's motion could be construed to include a request for a protective order that Mr. DiMarzio, as a fact witness, cannot

8

be deposed in any location other than Bozeman, Montana, the Board notes that the only deposition notice addressed in Respondent's motion is Petitioner's notice under Rule 30(b)(6). Accordingly, the Board construes Respondent's motion as limited to seeking a protective order that Respondent's Rule 30(b)(6) corporate designee need not be deposed at the location of Respondent's principal place of business.

The Board next addresses whether Respondent has shown good cause to depart from the above-discussed general practice that Respondent be deposed at its principal place of business (New York City) and to order Respondent's Rule 30(b)(6) deposition to take place in Bozeman, Montana. As noted, the Board has broad discretion to determine the appropriate place for a Rule 30(b)(6) designee's deposition and, having set out the relevant factors above, considers each of them in turn.

Turning first to the location of counsel, the parties do not dispute that New York City is a convenient location for counsel. Respondent's lead counsel is located in New Jersey, and at least one of its attorneys is located in New York City.[15] Moreover, although lead counsel for Petitioner is located in Washington State, the attorney who will be taking the deposition is located in New York City.[16] As a result, the location of counsel weighs in favor of deposing Respondent in New York City.

The Board next considers the burden and expense of travel, the size of Respondent, and the regularity of executive travel. Respondent has not identified any specific, undue burden, financial or otherwise, that would be placed on Respondent if

---

[15] *See* Notice of Appearance, 16 TTABVUE.

[16] 41 TTABVUE 23.

its deposition were to take place in New York City. Requiring counsel for both parties to travel to Bozeman, Montana, will certainly involve costs that are likely to be significant. Although significant costs are also likely with Mr. DiMarzio traveling to New York City, Respondent does not argue that Mr. DiMarzio cannot travel to New York City. Moreover, Respondent was not required to select Mr. DiMarzio as its corporate designee, and Respondent has not argued, or submitted evidence to suggest that, due to its size or the issues in dispute, Mr. DiMarzio is the only witness who can testify on behalf of Respondent at the Rule 30(b)(6) deposition.[17]

In addition, Respondent does not dispute that, in November 2018, Mr. DiMarzio demanded that the deposition take place in New York City, indicating that, at that time, Respondent preferred to have its deposition taken in New York City. Similarly, in July 2019, Respondent suggested that Petitioner take the Rule 30(b)(6) deposition in January 2020 in Anaheim, California, which ostensibly would have also required travel time and costs for this designee.[18] This further supports a finding that although

---

[17] Under Rule 30(b)(6), the named organization to be deposed must designate one or more officers, directors, or managing agents to testify. "Rule 30(b)(6) anticipates that a party's designated witness will not necessarily have personal knowledge of all matters but will nonetheless offer testimony regarding information that the 'party' should be able to provide." *City Nat'l Bank v. OPGI Mgmt. GP Inc.*, 106 USPQ2d 1668, 1671 n.4 (TTAB 2013); *see also* 8A C. Wright & A. Miller, FED. PRAC. & PROC. CIV. § 2103 (3d ed. 2019) ("There is no obligation to select a person with personal knowledge of the events in question, but there is an obligation to proffer a person who can answer regarding 'information known or reasonably available to the organization.'") (citation omitted). Rule 30(b)(6) requires that the persons designated to testify on behalf of the organization must testify about information known or reasonably available to the organization. "Thus, unlike all other depositions, there is an implicit obligation to prepare the witness. As specified in the rule, this preparation is not limited to matters of which the witness has personal knowledge, but extends to all information reasonably available to the responding organization." 8A C. Wright & A. Miller, FED. PRAC. & PROC. CIV. § 2103 (3d ed. 2020).

[18] 42 TTABVUE 8.

Mr. DiMarzio, as an individual, may desire to remain in Bozeman, Respondent, as an entity, is not unduly burdened by executive travel. Thus, these factors weigh in favor of following the general practice of deposing Respondent at its principal place of business in New York City.

Lastly, the Board considers the number of corporate representatives designated to testify and the equities with regard to the nature of the claim and the relationship of the parties. On the record before the Board, Mr. DiMarzio is the only corporate representative designated to testify on behalf of Respondent. Although Mr. DiMarzio states in his declaration that he performs a number of tasks related to Respondent's "advertising and marketing efforts" in Montana,[19] Respondent does not contend, nor is there evidence in the record to suggest, that Respondent would be unable to designate any other person to offer equally competent testimony regarding these and other topics related to this trademark dispute from New York City. In addition, the Board cannot ignore Respondent's earlier request that the deposition take place in New York City; the agreement by Respondent's counsel to look for dates for the deposition in New York City; and the offer by Respondent's counsel for the deposition to take place in California in January 2020. All the equities favor holding Respondent's deposition in New York City.

In view of the foregoing, Respondent has not presented sufficient justification for the relief it seeks and has not shown that good cause exists for a protective order requiring Respondent to be deposed in Bozeman, Montana. The Board will not depart

---

[19] 41 TTABVUE 8.

from the general practice that Respondent should be deposed in the location of its principal place of business. Accordingly, Respondent's motion for a protective order quashing Petitioner's notice of Rule 30(b)(6) deposition is **denied**.

## III. Proceedings Suspended

In view of the current circumstances related to the COVID-19 pandemic, within **thirty days** of the date of this order, the parties are ordered to conduct a teleconference to discuss their options for moving forward with Respondent's deposition. In particular, the parties should discuss whether, in the interest of moving this proceeding along, Petitioner wishes to take the deposition by video teleconference, telephone or similar acceptable means. *See, e.g.*, *Hewlett-Packard Co. v. Healthcare Personnel Inc.*, 21 USPQ2d 1552, 1553 (TTAB 1991).

The parties must notify the Board, in writing, within **thirty-five days** of the date of this order, of the manner in which Petitioner will arrange to take the deposition. At that time, if Petitioner intends to proceed with the deposition by video teleconference, telephone or similar means, the Board will resume proceedings, set the deadline for taking the deposition, and reset remaining dates. To the extent that Respondent's deposition does not proceed by video teleconference, telephone or similar acceptable means, Respondent must provide its corporate representative for the Rule 30(b)(6) deposition in New York City. However, in light of the current situation occasioned by the COVID-19 pandemic, if Petitioner intends to proceed with an in-person deposition, proceedings will remain suspended for **sixty days** from the date of this order.

Absent the unusual circumstances related to the present pandemic, the Board otherwise would not allow Respondent additional time in which to sit for its deposition. The Board expects the parties and their attorneys to cooperate in the discovery process and looks with extreme disfavor on those who do not. *Cf. Sunrider Corp. v. Raats*, 83 USPQ2d 1648, 1654 (TTAB 2007) (parties have a duty to cooperate in resolving conflicts in the scheduling and taking of depositions). As a result, while the parties should cooperate to address the unusual circumstances occasioned by the pandemic and the resulting restrictions, any gamesmanship in scheduling Respondent's deposition will not be tolerated. Should Respondent fail to comply with this order, Petitioner's remedy may lie in a motion for sanctions, as appropriate. *See* Trademark Rule 2.120(h)(1), 37 C.F.R. § 2.120(h)(1); *Fifth Generation, Inc. v. Titomirov Vodka LLC*, 2019 USPQ2d 418666, *6 (TTAB 2019).

Proceedings otherwise remain suspended.[20]

---

[20] If, within thirty-five days of this order, Petitioner notifies the Board that it intends to proceed with an in-person deposition, the Board will issue an order providing the parties with further instruction as to their duty to update the Board during the sixty-day suspension.